1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL R. LOURIM, | Case No. 2:09-CV-3136-JAM-EFB |
| Plaintiff, | ORDER OF REMAND |
| v. | |
| WASHINGTON MUTUAL, FA; WELLS FARGO BANK, NA; GEORGE SANDERS; and DOES 1-20 inclusive, | |
| Defendants. _____/ | |

This matter comes before the Court on a joint Motion to Dismiss by Defendants JPMorgan Chase Bank, N.A. ("JPMorgan"), as an acquirer of certain assets and liabilities of Washington Mutual Bank who was named in the Complaint, Wells Fargo Bank, N.A. ("Wells Fargo") and George Sanders ("Sanders"). Defendants JPMorgan, Wells Fargo and Sanders (collectively "Defendants") move to dismiss Plaintiff Daniel Lourim's ("Plaintiff's") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)

1

for failure to state a claim upon which relief can be granted. Defendants also filed a Request for Judicial Notice in support of the Motion to Dismiss. Plaintiff did not oppose the Motion to Dismiss or file a statement of non-opposition. The Motion was scheduled for a hearing on January 20, 2010. However the Court ordered the matter submitted without appearance on January 14, 2010, pursuant to Local Rule 230(g). On February 6, 2010, as the Court was preparing to issue its order regarding the Motion to Dismiss, Plaintiff filed an Amended Complaint thus rendering the Motion to Dismiss moot.

Plaintiff's original Complaint alleged eight causes of action arising from a loan transaction. It was removed from Sacramento Superior Court by Defendants, on grounds of original federal jurisdiction. The Complaint alleged one federal claim for violation of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. §2605 et seq., and seven state law claims. The Amended Complaint now names one additional defendant and no longer brings the federal RESPA claim.

Remand

Under 28 U.S.C. §1441, a defendant may remove an action filed in state court to federal court, if the federal court would have original subject matter jurisdiction over the action. Meza v. Matrix Servicing, 2010 WL 366623 at *2 (E.D. Cal. Jan.

26, 2010). Federal courts have original subject matter jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States. Id. Pursuant to 28 U.S.C. §1367, in any civil action in which the district court has original jurisdiction, the district court also has supplemental jurisdiction over all other claims in the action which form part of the same Article III case or controversy. Wheeler v. Payless Towing, 2010 WL 148714 at *3 (E.D. Cal. Jan. 11, 2010). However, when removal is based on federal question jurisdiction, and all federal claims are dropped from the proceedings, "it is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." Meza at *2 (quoting Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991). A district court may consider *sua sponte* whether to remand pendent state claims to state court. Acri v. Varian Associates, Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997).

"The Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state law claims." Id. at 1001. Here, Plaintiff's Amended Complaint no longer contains any federal

claims. Accordingly, the Court declines to exercise jurisdiction over the remaining state-law claims.

Sanctions

Local Rule 230(c) requires a party responding to a motion to file either an opposition to the motion or a statement of non-opposition, no less than fourteen (14) days preceding the noticed hearing date. Here, counsel for Plaintiff did not timely file any response, either an opposition or a statement of non-opposition, to Defendants' Motion to Dismiss. Instead, Counsel waited for approximately one month after the opposition or statement of non-opposition was due to file the Amended Complaint. Counsel has failed to timely file oppositions or statements of non-opposition in both this case and another case pending before this Court. This failure to comply with the Local Rules created substantial unnecessary work for the Court.

Local Rule 110 authorizes the Court to impose sanctions for "failure of counsel or of a party to comply with these Rules." Therefore, the Court will sanction Plaintiff's counsel, Jeffrey D. Tocherterman, $250.00 payable to the Clerk of the Court within ten (10) days from the date of this Order, unless he shows good cause for his failure to comply with the Local Rules.

ORDER

It is hereby ordered that this action is REMANDED to Superior Court of the State of California for the County of Sacramento. The District Court retains jurisdiction over this matter only for the purpose of imposing sanctions on Plaintiff's counsel.

It is further ordered that within ten (10) days of this Order Jeffrey D. Tochterman shall either (1) pay sanctions of $250.00 to the Clerk of the Court, or (2) submit a statement of good cause explaining his failure to comply with Local Rule 230(c).

IT IS SO ORDERED.   _____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

Dated: February 10, 2010

5